IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MILTON DOUGLAS McCARTHY,                          03:09-cv-1492-KI

        Petitioner,                          OPINION AND ORDER

   v.

MARK NOOTH, Superintendent,
Snake River Correctional
Institution,

        Respondent.


Amy Baggio
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

KING, Judge

1 -- OPINION AND ORDER

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's amended petition for writ of habeas corpus (#14) is DENIED, and this proceeding is DISMISSED, with prejudice.

## BACKGROUND

On May 2, 2001, petitioner was indicted on charges of Attempted Murder, Attempted Assault in the First Degree, Assault in the Second Degree, Burglary in the First Degree, Unlawful Use of a Weapon, Assault in the Fourth Degree, and Menacing. In a second proceeding, petitioner was indicted on a single charge of Assault in the Second Degree. All of the charges arose out of an altercation between petitioner and his estranged girlfriend, Linda Rhoads. In a third proceeding, petitioner was indicted of being a Felon in Possession of a Firearm (3 counts), and Criminal Mischief in the Second Degree. Petitioner declined a plea offer, and the cases were consolidated for trial.

At trial, Linda Rhoads testified the petitioner assaulted her on April 24, 2001. Rhoads testified that petitioner threw her to the ground, struck her repeatedly in the head with his fists, strangled her, and dragged the tip of a knife from her chest to her neck while yelling that he was going to kill her. TR at 251-60.

In his defense, petitioner sought to prove that he lacked the requisite intent and/or acted in self defense, as a result of Post-

Traumatic Stress Disorder (PTSD).  Petitioner testified to his Vietnam service as an infantryman in a combat unit which had a 90% injury or death rate.  TR at 328-29.  Petitioner testified that Ms. Rhoads was often aggressive toward him, and that on April 24, 2001, she approached him with a knife screaming that she wished he were dead.  TR at 349-50.  Petitioner testified that he "reacted" by grabbing Rhoads by the throat, pushing her to the ground, and sitting on her.  TR at 350-52, 399 & 404.  Petitioner admitted that he held the *butt* of the knife to her chest and probably struck Rhoads, but testified that he never intended to kill her.  TR at 352-54 & 401-03.

Petitioner offered the expert testimony of Dr. Robert G. Stanulis, who testified that petitioner suffers from PTSD caused by his combat experiences.  TR at 442.  Dr. Stanulis testified that petitioner's PTSD could affect his ability to perceive a threat in such a way that defendant would feel the need to defend himself. TR at 445, 473, & 493-94.  In rebuttal, the prosecution offered the expert testimony of Dr. George Suckow.  Dr. Suckow testified that PTSD is basically an anxiety disorder, that petitioner showed some elements of PTSD, but did not have "much" of a history of hyper-vigilence.  TR at 514, 517-18 & 526-27.  Dr. Suckow opined that defendant was in control, and could form intent, at the time of his altercation with Rhoads.  TR at 518 & 527.

On December 19, 2001, the jury returned a guilty verdict on all counts. TR at 681-83. Petitioner was sentenced to a 226-month term of imprisonment. TR at 712-16; Resp. Exh. 101. Petitioner filed a direct appeal, challenging the trial court's refusal to instruct the jury on Post-Traumatic Stress Disorder, and the legality of his sentences. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. McCarthy, 192 Or. App. 602, 89 P.3d 96, rev. denied, 337 Or. 182 (2004).

Petitioner sought state post-conviction relief, alleging eight claims of ineffective assistance of trial counsel, and challenging the constitutionality of his consecutive sentences. Included in his second amended petition was a claim that trial counsel "failed to insure that he called an expert witness who properly evaluated petitioner and could testify to the effects that his post-traumatic stress disorder . . . would have given his past patterns of mutual domestic violence." Resp. Exh. 108 at 4.

Petitioner testified in his post-conviction deposition that trial counsel should have hired an expert that would have investigated petitioner's personal history more thoroughly and should have known, upon reviewing Dr. Stanulis' report, that his testimony would not substantiate petitioner's PTSD defense. Resp. Exh. 114 at 41 & 51-54.

Additionally, petitioner offered the deposition testimony of Dr. Linda M. Grounds who opined that Dr. Stanulis' evaluation of petitioner should have included a more extensive consideration of petitioner's medical, mental, and criminal records; interviews of family and friends; and an evaluation of petitioner's relationships with women. Resp. Exh. 117 at 20-21, 40-48, 56-59. Additionally, Dr. Grounds opined that Dr. Stanulis had failed to tie petitioner's PTSD to the offense conduct at issue. Id. at 31-32 & 36. However, Dr. Grounds conceded that she knows of no information that would render Dr. Stanulis an unqualified expert, and testified that she had not conducted an evaluation of petitioner using her suggested protocol. Id. at 34-35, 41-45.

Petitioner's trial counsel, Michael L. Finch, attested to his investigation and preparation for trial, as it relates to Dr. Stanulis, as follows:

> 2.   While investigating Mr. McCarthy's case and his background, I learned from investigator Jack Ashworth that Dr. Robert Stanulis is a psychologist whom defense attorneys use from time to time to evaluate their criminal defense clients and, if necessary, testify in court. I contracted Dr. Stanulis's office and obtained a copy of his curriculum vitae. I also contacted Dr. Stanulis and, after satisfying myself of his qualifications and experience, arranged for him to interview Mr. McCarthy and do a preliminary evaluation. I asked Dr. Stanulis to refrain from doing a written evaluation until after he and I had had a chance to discuss his preliminary findings.

> 3.   I relied upon Dr. Stanulis to perform a reasonably thorough and competent assessment of Mr. McCarthy.   I had no reason to doubt Dr. Stanulis'

education or his qualifications, and no evidence to suggest that Dr. Stanulis would not be a good defense witness at trial. To assist his review, I supplied Dr. Stanulis with a complete copy of the police reports and any medical records I had obtained concerning Mr. McCarthy. I do not recall every document I provided to Dr. Stanulis. I know, though, that I never withheld any documents from Dr. Stanulis.

4. Dr. Stanulis interviewed Mr. McCarthy on two separate occasions and had him tested on a third visit. He produced a written evaluation dated October 21, 2001. A true and accurate copy of the report, and along with copies of the tests administered to Mr. McCarthy, are attached to this affidavit as Exhibit 1.

\* \* \* \* \*

6. Dr. Stanulis concluded that Mr. McCarthy was suffering from moderate to severe PTSD symptoms and that his mental status was impaired to such an extent on April 24, 2001, he was unable to form the intent to assault Ms. Rhoads. In essence, Dr. Stanulis found that Mr. McCarthy had diminished mental capacity, for purposes of a defense under ORS 161.300, but not a mental disease or defect defense for purposes of ORS 161.295.

7. In my opinion, Dr. Stanulis was a good defense witness and did as well on the stand as could have been reasonably expected. Similarly, Dr. Suckow was generally a good witness for the prosecution.

Resp. Exh. 115 at 2-3.

The post-conviction court issued a letter opinion denying

relief as follows:

Trial counsel chose to consult with Dr. Robert Stanulis to determine if the petitioner suffered from PTSD. Dr. Stanulis evaluated the petitioner and testified that the petitioner suffered from PTSD as a result of his combat experiences in Vietnam. Further he testified about how PTSD effects a person's mental state. Dr. Stanulis is a licensed psychologist, with extensive experience testifying as a witness. In fact the petitioner's own expert states that it was reasonable

6 -- OPINION AND ORDER

that Dr. Stanulis be chosen as an expert for the defense. Given that evidence, the petitioner has failed to meet his burden of proof to show that trial counsel was ineffective for choosing Dr. Stanulis as the expert to testify at the petitioner's trial.

Resp. Exh. 121 at 2.

The post-conviction court subsequently issued a formal decision setting forth the following findings of facts:

13.  The evidence in the record shows that Michael Finch made a reasonable choice when he selected Dr. Robert Stanulis as a defense expert and had Dr. Stanulis evaluate petitioner's mental state.

14.  Petitioner did not submit any credible evidence demonstrating what a different expert would have found, had Michael Finch selected a different defense expert to evaluate petitioner's mental state.

15.  Dr. Linda Grounds' credentials as a psychologist are impressive, but Dr. Grounds did not actually gather and examine records and did not actually evaluate petitioner's mental state.

Resp. Exh. 122 at 44-5.

The Oregon Court of Appeals affirmed the denial of post-conviction relief, without opinion, and the Oregon Supreme Court denied review. <u>McCarthy v. Belleque</u>, 226 Or. App. 419, 204 P.3d 177, <u>rev. denied</u>, 346 Or. 363 (2009).

## **DISCUSSION**

In the instant proceeding, petitioner alleges that (1) trial counsel was ineffective because he presented a defense of self defense, modified by PTSD, without first adequately investigating and preparing the defense expert; and (2) petitioner is actually

7 -- OPINION AND ORDER

innocent of "some/all" counts of conviction.  Amended Petition at 3-4; Petitioner's Supporting Brief at 2 & 6.[1]

I.    **<u>Ineffective Assistance of Counsel</u>**.

A defense counsel's failure to adequately investigate a defendant's potential mental health defense may give rise to a constitutional claim of ineffective assistance of counsel.  <u>See</u> <u>Daniels v. Woodford</u>, 428 F.3d 1181, 1202-04 (9th Cir. 2005); <u>Jennings v. Woodford</u>, 290 F.3d 1006, 1013-16 (9th Cir. 2002); <u>Bloom v. Calderon</u>, 132 F.3d 1267, 1277-78 (9th Cir. 1997).

In <u>Strickland v. Washington</u>, the Supreme Court established a two-part test to determine whether a defendant has received constitutionally deficient counsel.  466 U.S. 668, 687 (1984). Under this test, petitioner must not only prove that counsel's representation fell below an objective standard of reasonableness, but also that the deficient performance prejudiced his defense. <u>Bell v. Cone</u>, 535 U.S. 685, 695 (2002); <u>Williams v. Taylor</u>, 529 U.S. 362, 390-91 (2000); <u>Strickland</u>, 466 U.S. at 691-92.

In order to satisfy the prejudice prong under <u>Strickland</u>, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 694; <u>Jennings</u>, 290 F.3d at 1016-17; <u>Bloom</u>, 132 F.3d at 1271.   In

---

[1] Petitioner expressly waived subsections 2(b), 2c, and 3 of Ground for Relief One.  Petitioner's Supporting Brief at 2 n.2.

evaluating proof of prejudice, this court "must consider the totality of the evidence" before the jury. Strickland, 466 U.S. at 696; see also Daniels, 428 F.3d at 1201 (to determine whether petitioner was prejudiced, court compares evidence that actually was presented to the jury with that which could have been presented had counsel acted appropriately). "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." Strickland, 466 U.S. at 696.

In the instant proceeding, it is apparent that petitioner has failed to demonstrate that he suffered prejudice either by counsel's selection of Dr. Stanulis as an expert, or due to deficiencies in counsel's investigation and preparation as it related to Dr. Stanulis' expert testimony.[2] First and foremost, petitioner has failed to rebut, with clear and convincing evidence, the post-conviction court's factual findings that trial counsel made a reasonable choice in selecting Dr. Robert Stanulis as a defense expert, and that there was no credible evidence that a different expert (including Dr. Grounds) would have reached a

---

[2] This court may properly address the prejudice prong first, without considering whether counsel's conduct was deficient, because petitioner must satisfy both prongs of the Strickland test. Villafuerte v. Stewart, 111 F.3d 616, 630 (9th Cir. 1997), cert. denied, 522 U.S. 1079 (1998); Crittenden v. Ayers, 624 F.3d 943, 960 (9th Cir. 2010).

different opinion had they conducted a more thorough investigation. See 28 U.S.C. § 2254(e)(1).

Indeed, rather than attempting to demonstrate that there is a reasonable probability that the results of *his* proceeding would have been different, petitioner argues that "[t]he need for investigation, as well as the severity of counsel's failure to do so, is best demonstrated by cases tried in 1854 and 1859." Pet.'s Brief in Support at 8. Petitioner proceeds to address the facts of those cases, rather than address the evidence presented to the jury at petitioner's trial and examine how counsel's alleged deficiencies may have impacted the result. Consequently, petitioner's argument is devoid of any evidence to support a conclusion that had counsel engaged in a more extensive investigation and review in selecting and/or preparing his expert, there is a reasonable probability that the results of his proceeding would have been different.

In sum, the post-conviction court's rejection of his ineffective assistance claim is neither contrary to, or an unreasonable application of, clearly established federal law. Similarly, it is not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, federal habeas corpus relief is not warranted. See 28 U.S.C. § 2254(d).

///

///

II.  **Actual Innocence**.

In his second ground for relief, petitioner alleges as follows:

> Petitioner is actually innocent of some/all counts of conviction. *Herrera v. Collins*, 504 U.S. 390, 417-19 (1993). Undersigned counsel does not yet have access to complete state court records. However, this claim is offered at this time on information and belief, and counsel is in the process of investigating actual innocence pursuant to the partial responsibility defense, Or. Rev. Stat. § 161.300, which appears to provide a defense to most, if not all, counts of conviction.

Amended Petition at 4.

Assuming that a free-standing claim of actual innocence provides a basis for federal habeas relief,[3] petitioner has failed to argue or provide any factual basis for concluding that he is actually innocent of the multiple counts of conviction. Accordingly, habeas relief is not warranted. See <u>Lambert v. Blodgett</u>, 393 F.3d 943, 970 n. 16 (9th Cir. 2004) (petitioner bears burden of proving his case).

<u>CONCLUSION</u>

Based on the foregoing, petitioner's amended habeas corpus petition (#14) is DENIED, and this proceeding is DISMISSED, with prejudice. Because petitioner has not made a substantial showing

---

[3] <u>See</u> <u>District Attorney's Office for Third Judicial Dist. v. Osborne</u>, 129 S.Ct. 2308, 2321 (2009) (noting that whether petitioner can assert right to federal habeas corpus relief based upon proof of actual innocence is open question).

of the denial of a constitutional right, a certificate of appealability is DENIED. <u>See</u> 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this _____26th_____ day of October, 2011.

                              /s/ Garr M. King
                              Garr M. King
                              United States District Judge